[Cite as *State v. Rocha*, 2017-Ohio-1485.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 12-16-11

      v.

LUIS M. ROCHA,                      O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 12-16-12

      v.

LUIS M. ROCHA,                      O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 12-16-13

      v.

LUIS M. ROCHA,                      O P I N I O N

      DEFENDANT-APPELLANT.

Case Nos. 12-16-11, 12-16-12 and 12-16-13

**Appeals from Putnam County Common Pleas Court**
**Trial Court Nos. 2016-CR-45, 2016-CR-74 and 2013-CR-70**

**Judgment Affirmed**

**Date of Decision:  April 24, 2017**

---

**APPEARANCES:**

*F. Stephen Chamberlain* **for Appellant**

**WILLAMOWSKI, J.**

{¶1}   Defendant-appellant Luis M. Rocha ("Rocha") brings this appeal from the judgments of the Court of Common Pleas of Putnam County accepting Rocha's guilty pleas to various drug charges.  On appeal, Rocha claims that his trafficking in cocaine offense should have only been based upon the weight of the actual cocaine and not included the weight of the filler.  For the reasons set forth below, the appeals in cases numbered 12-16-12 and 12-16-13 are dismissed and the appeal in case number 12-16-11 is affirmed.

*Procedural Background*

*Appellate Case No. 12-16-13*

{¶2}   On December 19, 2013, the Putnam County Grand Jury indicted Rocha on the following offenses:  Count I, trafficking in drugs (cocaine) in violation of R.C. 2925.03(A)(1)&(C)(4)(a), a felony of the fifth degree; Count II trafficking

-2-

in drugs (cocaine) in violation of R.C. 2925.03(A)(1)&(C)(4)(c), a felony of the fourth degree; Count III, permitting drug abuse in a vehicle in violation of R.C. 2925.13(A), a felony of the fifth degree; Count IV, trafficking in drugs (cocaine) in violation of R.C. 2925.03(A)(1)&(C)(4)(d), a felony of the third degree; and Count V, permitting drug abuse in a vehicle in violation of R.C. 2925.13(A), a felony of the fifth degree. Doc. 1. The case was assigned a trial court number 2013-CR-70. Rocha entered pleas of not guilty to all of the counts at arraignment. Doc. 18. On March 18, 2014, Rocha entered a plea agreement wherein he agreed to enter pleas of guilty to counts one and two. Doc. 29. In exchange, the State agreed to remain silent at sentencing. *Id.* The trial court accepted the plea and found Rocha guilty. *Id.* On May 8, 2014, the sentencing hearing was held. Doc. 36. The trial court placed Rocha on community control and dismissed the remaining counts. *Id.*

{¶3} On December 23, 2014, the State filed a motion to revoke Rocha's community control. Doc. 61. Rocha admitted to a violation at the hearing. Doc. 67. As a result of the violation, Rocha was placed under stricter community control sanctions. Doc. 75. A second motion to revoke Rocha's community control was filed on September 22, 2015. Doc. 80. Before the hearing on this motion occurred, the State filed a third motion to revoke Rocha's community control. Doc. 85. A hearing on both the second and third motions was held on November 24, 2015. Doc. 92. Rocha admitted the violations and the trial court continued the community control sanctions. *Id.*

{¶4} On April 11, 2016, the State filed a fourth motion to revoke Rocha's community control. Doc. 99. A hearing was held on the motion on May 10, 2016. Doc. 109. Rocha admitted to the violations at the hearing. *Id.* As a result, on November 2, 2016, the trial court revoked the community control and imposed an aggregate prison term of 30 months in prison with credit for 456 days of time served. Doc. 143. Rocha filed his notice of appeal on November 14, 2016. Doc. 148.

*Appellate Case No. 12-16-11*

{¶5} On June 15, 2016, the Putnam County Grand Jury indicted Rocha on two counts: Count I, trafficking in drugs (cocaine) in violation of R.C. 2925.03(A)(1)&(C)(4)(c), a felony of the fourth degree and Count II trafficking in drugs (cocaine) in violation of R.C. 2925.03(A)(1)&(C)(4)(d), a felony of the third degree. Doc. 2. The case was assigned a trial court number of 2016-CR-45. Rocha entered pleas of not guilty at the arraignment. Doc. 10. On October 16, 2016, Rocha agreed to enter a plea of guilty to Count I of the indictment. Doc. 33. In exchange the State agreed to remain silent at sentencing. *Id.* The trial court accepted the plea and found Rocha guilty of Count I. *Id.* On October 27, 2016, the sentencing hearing was held. Doc. 37. The trial court ordered Rocha to serve a prison term of 18 months, which was to be served concurrently to the sentence in Case No. 2013-CR-70. *Id.* Count II of the indictment was dismissed. *Id.* Rocha filed his notice of appeal on November 3, 2016. Doc. 40.

*Appellate Case No. 12-16-12*

{¶6} On September 21, 2016, the Putnam County Grand Jury indicted Rocha on four counts: Count I, escape in violation of R.C. 2921.34(A)(1)&(C)(2)(a), a felony of the third degree; Count II, illegal conveyance of prohibited items (heroin) onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), a felony of the third degree; Count III, trafficking in drugs (heroin) onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), a felony of the third degree; Count III, trafficking in drugs (heroin) in violation of R.C. 2925.03(A)(1)&(C)(6)(a), a felony of the fifth degree; and Count IV, tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. Doc. 1. The case was assigned a trial court number of 2016-CR-74. Rocha entered pleas of not guilty at the arraignment. Doc. 13. On October 5, 2016, Rocha agreed to enter a plea of guilty to Count I and Count II of the indictment. Doc. 23. In exchange the State agreed to remain silent at sentencing. *Id.* The trial court accepted the plea and found Rocha guilty of Count I and Count II. *Id.* On October 27, 2016, the sentencing hearing was held. Doc. 29. The trial court ordered Rocha to serve a prison term of 36 months on each count with the sentences to run consecutive to each other. *Id.* These prison terms were also to run consecutive to the sentences in Case No. 2013-CR-70 and Case No. 2016-CR-45. *Id.* Counts III and IV of the indictment were dismissed. *Id.* Rocha filed his notice of appeal on November 14, 2016. Doc. 32.

*Appeal*

**{¶7}** On appeal from all of the above cases, Rocha raises the following assignment of error.

> **The trial court committed error that prejudiced the defendant in Case No. 2016-CR-45 in sentencing him for violation of a felony of the fourth degree in that the offense level for cocaine offenses must be determined only by weight of actual cocaine, not by total weight of cocaine plus any filler pursuant to *State v. Gonzales,* 2016-Ohio-8319. Furthermore, the holding in *Gonzales* should be extended to trafficking offenses in violation of R.C. 2925.03(A)(1) & (C).**

This court initially notes that Rocha only alleges that there was error in the sentence of appellate case no. 12-16-11. An appellant is required to provide a statement of the assignment of error and an argument as to that assignment of error in the brief. App.R.16(A). "The failure to assign an error or to argue it as required by Appellate Rule 16 may result in the appellate court disregarding the argument and dismissing the appeal." *State v. Helmstetter,* 3d Dist. Auglaize Nos. 2-13-07, 2-13-08, 2013-Ohio-3982, *¶*4, and App. R. 12(A)(2). Since no assignment of error was made and no argument was presented as to the sentences in appellate case nos. 12-16-12, and 12-16-13, those cases are dismissed.

*Measurement of Cocaine*

**{¶8}** As to appellate case no. 12-16-11, Rocha argues that the trial court erred by including the weight of the filler when determining the total weight of the cocaine. This argument is based upon the Supreme Court of Ohio's opinion in *State*

*v. Gonzales,* ____ Ohio St.3d _____, 2016-Ohio-8319, _____ N.E.2d _____ and this court's holding, pursuant to *Gonzales* in *State v. Valdez,* 3d Dist. Marion No. 9-16-01, 2017-Ohio-241. On December 23, 2016, the Supreme Court of Ohio held that to enhance the offense the State was required to prove the actual weight of the cocaine itself, not the cocaine with the filler. *State v. Gonzales,* _____ Ohio St.3d _____, 2016-Ohio-8319, ____ N.E.2d ____. In *Gonzales,* Court was asked to resolve a conflict between the districts and answer the following certified question: "Must the state, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)[(b)] through (f), prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture?" *Gonzales, supra* at ¶1. The Court, in a plurality opinion with four justices agreeing for different reasons, answered the question in the affirmative. *Id.* This conclusion was then expanded to include those charged with trafficking in cocaine as charged under R.C. 2925.03. *State v. Sanchez,* _____ Ohio St.3d _____, 2016-Ohio-8470, ____N.E.3d____. However, the State filed a motion for reconsideration of the decision in *Gonzales* and the motion was granted. On March 6, 2017, the Court vacated its prior opinion and answered the certified question in the negative. *State v. Gonzales*, ____ Ohio St.3d ____, 2017-Ohio-777, ____ N.E.3d ____. The Court concluded "that the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *Id*. at ¶ 18. Based upon the Supreme Court's

ruling in its reconsideration of *Gonzales*, this court's prior holding in *Valdez* was, in effect, reversed.  Thus, *Valdez* has no precedential value.

**{¶9}**   Since the Supreme Court of Ohio has now determined that the weight of any filler can be included in determining the weight of the cocaine, the trial court in this case did not err in doing so.  The assignment of error is overruled.

**{¶10}**  Having found no assignment of error or argument as to appellate cases numbered 12-16-12 and 12-16-13, those appeals are dismissed.  Having found no error in the particulars assigned and argued in appellate case number 12-12-11, the judgment of the Court of Common Pleas of Putnam County is affirmed.

*Appeals Dismissed in 12-16-12 and 12-16-13*
*Judgment Affirmed in 12-16-11*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**